BROWN *v.* BRADBERRY, COUNTY JUDGE.

4-8895                           218 S. W. 2d 733

Opinion delivered March 28, 1949.

*Gordon Armitage,* for appellant.

*J. G. Moody,* for appellee.

GRIFFIN SMITH, Chief Justice. November 2, 1948, the electors of White County approved plans to construct a new jail and to extend and repair the court house. At the same time they gave assent to a building tax for the two purposes, under authority of Amendment No. 17 to the Constitution.[1] The work would be done with funds from a bond issue of $125,000.

J. J. Brown, a taxpaying citizen, sought to enjoin, contending that failure of the Sheriff to particularize the proposals in the election proclamation and notices was fatal. No other issue is before the Court, and this opinion is confined solely to that question.

Brown's demurrer to the answer of the County Judge was overruled and the taxpayer has appealed.

The Chancellor was right. Amendment 17 vests the electors with power to authorize construction, reconstruction, or extension of court houses and jails when plans, specifications, etc., have been approved by the County Court. Submission of the proposal is (a) at the next general election, unless (b) such an election is not to be held within a year from the Court's order. If the general election is a year or more away, a special elec-

[1] Amendment No. 25 to Amendment 17 is not involved.

tion may be held after proclamation by the Sheriff, and publication.

Appellant thinks that a general election, under accepted definitions, is one that recurs at designated intervals by operation of law, at which known matters are to be dealt with; hence, he reasons, if an unusual issue be presented—one alien to that class biennially determinable at the polls,—then as to *that* issue the election is special, and the Amendment procedure for special elections must be followed.

One answer is that Amendment 17 puts the public on notice that a court house or jail building program may appear upon the ballot. The fact that such an issue does appear on the ballot at a particular general election, but not at all such elections, does not alter the character of the election and convert it into a special transaction.

A second answer is that procedural directions when viewed retrospectively are not mandatory unless of the essence of what is to be accomplished. Though enforcible by appropriate action taken before the voters have spoken, the participating majority will not (in the absence of fraud) be deprived of the fruits of its victory upon a showing that a ministerial act was overlooked.

One of the frequently-quoted cases in which after-election complaints are discussed is *Wheat* v. *Smith,* 50 Ark. 266, 7 S. W. 161. See, also, *Henderson* v. *Gladish,* 198 Ark. 217, 128 S. W. 2d 257. Many other decisions hold that the will of a majority cannot be defeated because of procedural omissions that did not prevent a fair expression.

Affirmed.